HENRY O. GOODRICH

*v.*

HANSON and PEARSON.

1. EVIDENCE — *depositions taken in another suit.* It is competent for a party to introduce in evidence the deposition of a witness who is dead, taken in another suit in relation to the same subject matter, and between the same parties in interest, although the parties were not nominally the same in both suits.

Goodrich *v.* Hanson and Pearson.

2. So when an action of replevin was brought against a party who had possession of the property replevied, as an agent, he pleaded property in his principal, and in support of his plea took the deposition of a witness, after which the suit was dismissed and the witness died. Subsequently, the principal of the agent and defendant in the former suit, brought an action of trover against the plaintiff in replevin to recover the value of the property replevied, and it was held there was such privity between the principal and agent, that the deposition taken in the former suit could be read in evidence on behalf of the plaintiff in the suit in trover.

3. And it seems not to be necessary in such case, that notice should be given before the trial, of the intention to offer in evidence a deposition taken in another suit.

4. Nor does it seem material to its admissibility that the deposition was taken *de bene esse,* only.

5. PRINCIPAL AND AGENT—*power of the agent.* The acts of an agent, within the scope of his authority, are binding upon his principal.

6. When property in the hands of an agent is taken from his possession in an action of replevin at the suit of a third person, the defense of the suit and the taking of depositions in support of such defense, are clearly within the power of the agent.

7. WITNESS—*competency—interest.* In an action of replevin brought against a party who held the property replevied, as an agent of a third person, the vendor of his principal is a competent witness in his behalf to prove title in the principal, although it should appear that the witness had purchased the property as agent for the plaintiff, and with his funds, and was not the owner at the time he sold it; for in that event his interest would be equally balanced between the parties; as if the plaintiff in replevin should succeed, the witness would be liable to his vendee upon the implied warranty of title which enters into all sales of personalty, unless provided against at the time of the sale; and if the plaintiff, upon dismissal of his suit, should be held liable to the vendee of the witness for the value of the property, then the witness would be liable to the one whose property he had sold.

8. PAROL EVIDENCE—*proof of release of witness.* A release given to a witness to render him competent, although in writing, may be proved by parol.

9. EVIDENCE—*release of witness—at what stage of his examination it may be proved.* The release of a witness may be proved by him, as well upon his examination in chief, as upon his *voir dire.*

10. PRACTICE—*when competency of witness must be objected to.* When a party is present at the taking of a deposition, and neglects to object, at the time, to the witness on the ground of interest, he thereby waives his right to make the objection afterwards, when the deposition is filed in court. To make such an objection available, it should be made and noted when the deposition is being taken.

11. SAME—*leading questions—when they must be objected to.* And, if leading questions are propounded to a witness whose deposition is being taken, an objection to the form of the questions must be made and noted at the time, or such an objection will be waived.

12. SAME — *technical objections to evidence, generally — when they must be taken.* A party has no right to lie by and permit his adversary to take evidence, without objection, and when it is offered to be read, then, for the first time, to raise mere technical objections calculated to produce costs and delay.

13. SAME — *rule only applies when the party is present.* If, however, the party against whom the deposition is intended to be used is not present when it is taken, the rule will not apply. It is only when he is present and has the opportunity of having his objections noted.

WRIT OF ERROR to the Circuit Court of Shelby county; the Hon. CHARLES H. CONSTABLE, Judge, presiding.

This was an action of trover instituted in the court below by Henry O. Goodrich against Nathaniel Hanson and John M. Pearson, to recover the value of two mules. The defendants pleaded the general issue.

It appears that previously to the bringing of this suit, Goodrich had placed the mules in the hands of one Hammer, as his agent, and while they were so held, Hanson and Pearson instituted a suit in replevin against Hammer for their recovery. In that action Hammer pleaded property in Goodrich, and proceeded to take the deposition of one Whitsit, Pearson having been given due notice of the time and place of taking the same, and was present at the time, and cross-examined the witness.

Whitsit's testimony was to the effect that he purchased the mules from one Williams, with notes that were given to Hanson & Co. by Williams and others. Pearson at the time claimed that he was one of the firm, and it was agreed between Pearson and Whitsit that the latter should take the notes and pay the firm for them at Christmas, 1861. Whitsit testified that he bought the mules with the notes, and sold them to Goodrich in September, 1861; that he delivered the mules to Goodrich, and they were placed in the possession of Hammer at the time, as the agent of Goodrich.

Whitsit stated that he told Goodrich at the time of the sale that there were no claims on the mules, and that he sold them in good faith to Goodrich, and that from the time he purchased them until he sold them to Goodrich, they were exclusively in his possession, and that he treated them and held them out to

the world as his property. He further testified, that before the taking of his deposition, Goodrich executed and delivered to him a release against his liability as vendor of the mules.

Whitsit stated, on his cross-examination, that the amount of the notes and interest was about $400; that he allowed Williams $237.50 for the mules, and for the balance of the notes took some money and notes payable to himself; and that he had not paid, as yet, anything on the notes to Hanson & Co.

This was the testimony of Whitsit as given in his deposition taken at the instance of Hammer in the replevin suit brought against him by Hanson and Pearson. That suit, however, it appears, never came to a trial, but was dismissed. And thereupon Goodrich brought this action of trover against Hanson and Pearson to recover the value of the mules.

The suit in trover came on for trial, by agreement, before the court. Goodrich, the plaintiff, with other testimony in regard to the ownership of the property, which it is not necessary to notice, as it does not affect the decision of the case, offered in evidence the pleadings and proceedings in the action of replevin for the purpose of laying the foundation for the introduction of the deposition of Whitsit taken in that suit, Whitsit having, in the meantime, died. The defendants objected to the introduction of this testimony upon the following grounds:

1st. Because the suit in replevin was not between all of the same persons who are parties to this suit.

2d. Because the defendants had no notice before the commencement of the trial that the plaintiff intended to offer said deposition in evidence.

3d. Because Whitsit was interested in the event of the suit, and

4th. Because said deposition was taken *de bene esse* only.

The Circuit Court sustained these objections and refused to admit the testimony. To this ruling the plaintiff excepted. The court found the issue for the defendants; refused a new trial and entered a judgment in pursuance of the finding. Thereupon, the plaintiff sued out this writ of error; and now insists that the court below erred in refusing to admit in evi-

dence the deposition of Whitsit, taken in the former suit, and the record and proceedings therein.

Messrs. HENRY & READ, for the plaintiff in error.

The record in the case of *Hanson & Pearson* v. *Hammer*, and the depositions of Whitsit were admissible in evidence in this case. Hammer was the naked bailee of Goodrich. His possession of the mules was the possession of Goodrich. There was a direct privity of estate in the mules between Hammer and Goodrich, and where the relation of bailor and bailee is once established, the acts and declarations of the bailee bind the bailor. *Rector* v. *Rector*, 3 Gilm. 120.

Records and depositions are always evidence (when about the same subject matter) and when between the same parties, privies in law, privies in estate, and privies in blood. *Carver* v. *Jackson*, 4 Pet. 80; 2 Phil. Ev., 6 Am. 9th London ed. 9.

Privity is defined to be the mutual or successive relationship to the same rights of property. Bouv. L. D. 384; 1 Greenl. on Ev. § 189; *Stacey* v. *Thrasher*, 6 How. 60.

True, Goodrich was not the nominal party to the record, but it has been uniformly held that verdicts and judgments are receivable in evidence against those on whose account the judgment was rendered or defended. Thus in the case of *Kinnesley* v. *Orpe*, 2 Doug. 517, which was a penalty incurred by destroying fish in the plaintiff's fishery, a judgment in a former action for a trespass committed in the same fishery against one who justified as servant, was allowed to be evidence against the debt. 2 Phil. Ev., 6th Am. from 9th Lond. ed. 7.

So the adjudication on the title to personal property in a suit between the administrator and another, concludes the distributee (*Head* v. *Perry*, 1 Monroe, 253), and a recovery by one person against a trustee, after a *bona fide* defense, protects him against liability for the fund recovered to *cestui que trust*. *The President and Trustees of Charlotte Hall School* v. *Greenwell*, 4 Gill & Johns 407. In *Mayor* v. *Foulkrod*, 4 Wash. C. C. 503, a bill was filed to compel the defendants to pay the plaintiffs a sum of money

which the defendants' intestate had been compelled by judgment to pay to another. It did not appear that the now plaintiffs were parties, or in any way participated directly by themselves or others in the former suit, and yet WASHINGTON, J., held that the first suit, having been defended in good faith before a court of competent jurisdiction, was a bar to the second.

Where a vendor of goods brings trespass for taking them while in his possession for the benefit of the vendee, the vendee, if the former action was by his consent, is barred of an action for the same goods. *Boynton* v. *Willard*, 10 Pick., 166, 169.

And when a suit is brought against the vendor and tried, his vendee may avail himself of it. Thus the plaintiff brought assumpit wherein his right to the goods were tried — held, that he was barred by this of his action of replevin for the same goods against the vendee of the defendant in the first suit. *Marsh* v. *Pier*, 4 Rawle, 273.

An assignee who was bound to indemnify his assignor and had notice, or appears and defends a suit against him, is concluded by the record. *Curtis* v. *Cisna's Administrators*, 1 Hamm. 436–438. And when notice does not appear on the record, the question whether it was actually given, is a matter *in pais* to be decided by the jury. *Collinwood* v. *Irwin*, 3 Watt, 306.

In the case of *Emery* v. *Fowler*, 39 Me. 326, it was held that a judgment on the merits against a master in an action of trespass, for the act of his servant, is a bar to an action against the servant for the same act. Master and servant, principal and agent, bailor and bailee, stand in direct privity the one with the other.

The deposition of Whitsit, shows that plaintiff had notice of the pendency of the former suit, and actually released him as vendor, the better to enable Hammer to successfully defend. At all events, the question whether Goodrich had notice or not, was not a question for the court, but for the jury, and the admissibility of the record and deposition did not depend upon the question of notice to Goodrich, but the notice only determines the effect of the record and deposition when admitted. *Belden* v. *Seymour*, 8 Conn. 304, 308.

The record in the case of *Hanson and Pearson* v. *Hammer* was only offered in evidence to lay the foundation for the introduction of the deposition of Whitsit who was admitted on the trial to be dead. To the admission of this deposition four objections were urged:

1st. That all the parties were not the same as in this suit.

2d. That defendants had no notice before the commencement of this trial, that plaintiff intended to offer said deposition.

3d. That Whitsit was interested in the event of the suit, and

4th. That the deposition was taken *de bene esse* only.

The subject matter of inquiry was the same in both suits. Hammer, the defendant, in the first suit pleaded property in Goodrich, the plaintiff in this suit. Hanson and Pearson, the defendants in this case, not only had the right to cross-examine Whitsit at the taking of the deposition, but actually did cross-examine him. The general principle is admitted that there must be mutuality between the parties in order to entitle either of them to read the deposition of Whitsit, yet the rule is applied with more liberality to depositions than it is in case of verdicts and judgments. A complete mutuality or identity of all the parties is not required. "It is in general deemed sufficient if the matter in issue is the same in both cases and the party against whom the deposition is offered had full power to cross-examine the witness." 1 Greenl. on Ev. 727, § 553.; 2 Phil. Ev., 6 Am. from 9th London ed. 90.

The second objection urged that notice is required to the opposite party, is certainly without foundation, as no case can be found where such a rule has been applied at law, and to apply such a rule might lead to great hardship — the materiality of the deposition or of other evidence often depends upon facts elicited on the trial.

The third objection, that Whitsit was interested as vendor of the mules, is answered by the deposition itself. Whitsit swears that before the taking of the deposition, Goodrich had released him as vendor, it was competent for him, on his *voir dire*, to swear that he had been released without producing the release. 14 Ill. 491; 1 Greenl. on Ev. 580, § 428.

Where the testimony is by deposition, the objection, if the interest is known, ought regularly to be taken *in limine*. *Donaldson* v. *Taylor*, 8 Pick. 390; 2 Paige, 54; *Gregory* v. *Dodge*, 14 Wend. 959; 4 Paige, 558; *Town* v. *Meadham*, 3 Paige, 546.

If the objection that the witness be interested, be made before he is sworn in chief, the party calling him may concede his interest, and himself have the witness sworn on his *voir dire* *Perryman* v. *Stiggall*, 5 Carr. & Payne, 157; 4 Cow. & Hill's notes to Phil. on Ev. 700, note 358.

The last objection urged to the reading of the deposition was, that it was taken *de bene esse*. The deposition was not taken until after the defendants had filed their pleas, and even if the pleas had not been filed, the objection is not available under our statute, which provides for the taking of depositions in any civil cause depending in any court of law or equity, where the witness resides in a different county from that in which the court is held, or is about to depart from the State. Scates' Stat. 257; 15 Ill. 576.

Mr. S. W. MOULTON, for the defendants in error.

The record in the replevin suit and the deposition of Whitsit were incompetent:

First, because the parties in the two suits were not the same, nor was the question the same. In trover, plaintiff must prove title to the property; in replevin, the right to the possession as against defendant, sufficient as to depositions when between different parties. See 1 Greenl. Ev. §§ 552, 553; 1 Starkie Ev., 412, 413, 414, 415.

It is a general rule that depositions in a former cause are not admissible, unless the judgment or verdict would be. 1 Starkie, 415, and authorities there cited.

Secondly, as to who are parties. 1 Greenl. Ev. §§ 523, 524, 535; 1 Phil. & Ames, Ev. 572, n. 2.

Thirdly, there was no privity or mutuality between Goodrich and Hammer. A judgment against Hammer, in the replevin suit, would not have bound or estopped Goodrich from bringing this suit. Hammer was a naked bailee or agent without interest.

Goodrich does not claim under or through Hammer.   1 Starkie, 415;   20 Johns. 82, 83;   1 Greenl. Ev. § 189, as to Privity, &c.; 19 Ill. 308.

Fourthly, it is believed that no case can be found where it has been decided that a judgment against an agent or bailee will bind the principal.   No case to that effect has been cited by counsel for plaintiff.

The most analogous case cited is *Kinnersly* v. *Orpe*, 2 Doug. 517.

That was a case where a servant did an act by command of the master.   The court held that the record against a servant in a former suit was admissible evidence against the servant in case at bar, both acts being done by the command of the master. The court putting it on the ground that the master was the *real party* in both cases; but the record was *not* conclusive.   See this case commented on in 14 Johns. 81 83, and also doubted or denied as law by Lord ELLENBOROUGH in 3 East, 356, *Outram* v. *Morewood.*   This is an important case on the point in question.   10 Pick. 169.

If there was privity between Goodrich and Hammer, as contended for, and this was law, then an agent or bailee could sell or dispose of his principal's property, and the principal would be bound.   This never was the law.   5 Gilm. 590; 2 Kent's Law, 625.

Fifth, The deposition of Whitsit was inadmissible on the ground of interest.   He sold the mules to Goodrich, and was interested in making the title good.

It is not the privilege of a party calling a witness who is interested, to discharge that interest by examination of his own witness on *voir dire.*   This is the privilege of the opposite party alone.

The seventh question in the deposition was leading; besides, it was not competent to prove by Whitsit that he was released. The release should be shown.

Hanson and Pearson could not have made any objection to the interest of Whitsit, or the form of the deposition when being taken before the commissioner.

The depositions were never used. Defendants had no notice that they would be, therefore had no opportunity to object to them. They were introduced on the trial without notice, and then it was too late to object.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

Was there such a privity between Hammer and Goodrich as authorized the depositions and proceedings in the replevin suit to be read in evidence in this case? It appears that Goodrich placed the mules in the hands of Hammer as his agent, and whilst they were so held, Pearson instituted a replevin suit against Hammer for their recovery. Hammer took the deposition of Whitsit, from whom both parties to this suit claim to derive title to the mules, to be read in evidence on the trial of the replevin suit. Pearson had due notice of the time and place of taking this deposition. The suit was dismissed, and Whitsit died after his deposition was taken. Afterwards, plaintiff in error brought this suit to recover the value of the mules, and on the trial below offered to read the proceedings and the depositions of Whitsit in the replevin suit as evidence in this case, but it was rejected by the court below, which decision of the court is, amongst others, assigned for error.

In affirmance of the judgment it is urged that this evidence is incompetent, because the parties to the two actions were not the same, nor the issues the same. It will be perceived that the question in both cases was the ownership of the property in controversy. In the replevin suit defendants in error sued to recover the property, and Hammer plead property in plaintiff in error. That issue directly presented the question, whether property belonged to plaintiff or defendants in error. And the deposition of Whitsit was taken to prove the truth of that plea. It is then seen that, under this issue in the replevin suit, the question was the same, and between the same parties, as in this suit. It appears that Hammer was merely the naked bailee of plaintiff in error, and had that issue been tried and found in

favor of Hammer, it would have been conclusive upon all parties to that suit. Had such a finding resulted from a trial, and Hammer had restored the property to plaintiff in error, it would have barred a recovery by defendants in error of this property from plaintiff in error.

Hammer being the naked bailee of plaintiff in error, that created a direct privity of title between them. When such a relation is shown, the acts of the agent, within the scope of his authority, are binding upon his principal. In this case the taking of the deposition and the defense of the suit was clearly within the power of the agent. It is true that all the parties to the two suits are not, nominally, the same upon the record, yet they are the same in interest. We are, therefore, of the opinion that this deposition fell within the rule laid down in *Weird* v. *King*, 19 Ill. 301, and it should have been admitted in evidence. Defendants were notified and attended, and cross-examined the witness in taking the deposition, and having had every opportunity to ascertain the truth of his evidence, it is not perceived that any possible injury can result from its being read in this case.

It was also objected that Whitsit was interested in the event of the replevin suit, and that his evidence was therefore not admissible. It is claimed that he purchased the mules for the defendants in error, and as their agent, with their funds, and that he was not the owner of the property at the time he sold it to plaintiff in error. If this is true it would leave his interest equally balanced between the parties. If plaintiff in error should succeed in recovering the value of the property, it would leave his representatives liable to defendants in error, and if they succeed, it would leave them liable to plaintiff in error on the implied warranty of title which enters into all sales of personalty, unless provided against when the sale is made.

But in his deposition he testifies that he was released by plaintiff in error. It is, however, urged that the release should have been produced, and could not be proved by verbal testimony. In the case of *Ault* v. *Rawson*, 14 Ill. 484, it was held that it was competent for a witness to prove a release of his interest on

his *voir dire.* No reason is perceived why the same thing may not be done when the question arises on his examination in chief. When the deposition was taken, defendants in error were present, but they made no objection on the ground of interest. The question was asked by the opposite party, and defendants made no objection to its being answered. By failing to object at the time, when the opposite party could have had the opportunity of obviating the objection, they waived the right to raise the question in the Circuit Court. To permit the question to be raised on the trial, would be to give an unfair advantage to the party resisting the introduction of the evidence. To have been available, the objection should have been made and noted when the deposition was taken. Even if this witness had been incompetent on account of his interest, the objection comes too late when made in the Circuit Court for the first time.

It is not material to determine whether the questions were leading, as no such objection was noted when the questions were propounded to the witness. If the objection had then been made, it would have afforded the opposite party the opportunity of removing the objection by reconstructing the interrogatory. A party has no right to lie by and permit his adversary to take evidence, without objection, and when it is offered to be read, then for the first time to raise mere technical objections, calculated to produce costs and delay. Such a practice would not tend in the slightest degree to promote justice. If the witness might be led in giving his evidence, it is no hardship to require the opposite party to object, at the time, to the mode of examination adopted. If, however, the party against whom the deposition is intended to be used is not present when it is taken, the rule would not apply. But only in cases where he is present and has the opportunity of having the objection noted. For the reasons here given, the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*