[No. 9100.   In Bank. — October 27, 1887.]

JOHN FREDERICKS, APPELLANT, v. MARIA B. JUDAH ET AL., RESPONDENTS.

NEW TRIAL — ARGUMENT TO JURY — UNAUTHORIZED STATEMENTS IN — FACTS NOT IN EVIDENCE. — A new trial will not be granted on the ground that the attorney for the respondent, in his argument to the jury, assumed the existence of facts not in evidence, when the record fails to show whether or not the court, on the objection of the adverse party, corrected the statements. In the absence of such a showing, it will be presumed that the court instructed the jury to disregard the unauthorized statements of the attorney.

ID. — VERDICT — IMPEACHMENT OF — AFFIDAVITS OF JURORS. — The verdict of a jury cannot be impeached by the affidavits of individual jurors showing that, in determining their verdict, facts not in evidence were considered. Under section 657 of the Code of Civil Procedure, such affidavits can only be resorted to for the purpose of impeaching the verdict, when the verdict has been determined by a resort to chance.

EVIDENCE — FORMER ACTION — SAME PARTIES — UNLAWFUL DETAINER — QUIETING TITLE. — An action of unlawful detainer brought by the executrix of a deceased person to recover the possession of certain premises from his alleged lessee, and a subsequent action by the latter against the heirs at law of the deceased to quiet a title claimed to have been acquired by adverse possession to the same premises, are actions between the same parties, within the meaning of subdivision 8 of section 1870 of the Code of Civil Procedure; and testimony given on the prior action by a witness who has since died, as to whether the alleged lessee held possession of the premises as a tenant or for himself, claiming the property as his own, is admissible in the subsequent action.

ID. — ADVERSE POSSESSION — INSTRUCTION — IMMATERIAL ERROR — EFFECT OF DEED. — In an action to quiet a title claimed to have been acquired by adverse possession, an erroneous instruction as to the effect in passing the title of a deed which was executed and delivered to the defendants prior to the commencement of the plaintiff's adverse possession is immaterial.

APPEAL from an order of the Superior Court of the city and county of San Francisco refusing a new trial.

The action was brought to quiet the plaintiff's alleged title to a certain fifty-vara lot in the city and county of San Francisco, lying without the corporate limits of the charter line of 1851. The defendants, who are the heirs at law of one Ferguson, deceased, denied any title on the part of plaintiff, pleaded title in themselves derived through Ferguson, and among other things set up that the plaintiff went into possession of the lot as the tenant of Ferguson, and has ever since continued to hold as such, although the term of the lease has long expired. The answer further pleaded in bar a judgment of the County Court of the city and county of San Francisco, rendered in an action of unlawful detainer brought by the defendant Maria B. Judah, as executrix of the estate of Ferguson, against the present plaintiff, for the restitution of the possession of the lot. On the trial of that action, one Dean was examined as a witness on behalf of the plaintiff therein, and cross-examined by the defendant therein (plaintiff here), and gave material testimony bearing upon the question as to whether the entry upon the holding of the lot in controversy by Fredericks was as the tenant of Ferguson or not. Dean was dead at the time of the trial of the present action, and the defendants herein, against the objection and exception of the plaintiff, were permitted to give in evidence the reporter's notes of Dean's testimony in the prior action. In October, 1868, the city and county of San Francisco, in pursuance of the provisions of the act of Congress of March 8, 1866, conveyed the premises in controversy to Ferguson, as the person in the *bona fide* possession thereof on the date of the passage of the act. The action was tried before a jury, and verdict and judgment rendered in favor of the defendants. The plaintiff moved for a new trial, which was denied. The further facts are stated in the opinion of the court.

*P. B. Ladd,* and *Wilson & Otis,* for Appellant.

The court erred in allowing the reporter's notes of Dean's testimony to be admitted in evidence. (*Davis* v. *Davis,* 30 Ga. 296; *West* v. *Creditors,* 3 La. Ann. 529; *Curl* v. *Ruggs,* 12 Mo. 430; *Alston* v. *Munford,* 1 Brock. 260; *Barksdale* v. *Hopkins,* 23 Ga. 332.) The judgment in the action of unlawful detainer is not a bar to the present action. (*Willson* v. *Cleaveland,* 30 Cal. 192; *Davis* v. *Perley,* 20 Cal. 630.) The misconduct of the attorney for the defendant, in arguing to the jury matters not in evidence, is ground for a new trial. (*Thompson* v. *State,* 43 Tex. 273; *Hatch* v. *State,* 8 Tex. App. 416; *Melvin* v. *Easley,* 1 Jones, 386; *Berry* v. *State,* 10 Ga. 513.)

*William H. Sharp,* for Respondents.

The evidence of Dean was properly admitted. (Code Civ. Proc., sec. 1870, subd. 8; *Meyer* v. *Roth,* 51 Cal. 583; *Orr* v. *Hadley,* 36 N. H. 579; 1 Greenl. Ev., sec. 164; *Cunningham* v. *Ashley,* 45 Cal. 485; *Jaccard* v. *Anderson,* 37 Mo. 95; *Yale* v. *Comstock,* 112 Mass. 267; *Evans* v. *Reed,* 78 Pa. St. 417; *Charlesworth* v. *Tinker,* 18 Wis. 635.)

PATERSON, J. — The transcript contains copies of affidavits filed by the plaintiff in the court below in support of his motion for a new trial, showing in substance that the defendants' attorney persisted in arguing to the jury that the defendants had paid all of the taxes on the premises in controversy from 1861 to the time of the trial; that plaintiff had never paid any taxes thereon; that, as a fact, no evidence whatever was before the jury on the question of taxes, and that he also persisted in arguing to the jury that the County Court had decided that the plaintiff was the tenant of defendants, notwithstanding the fact that the court had ruled out all evidence relating thereto, and there was no evidence before

the jury on that subject.   There is here no sufficient showing of irregularity or misconduct to warrant a new trial.   We are not informed whether the court, on the objection of plaintiff, corrected the statement of defendants' attorney.   If the objection of plaintiff was well taken, we must presume that the court instructed the jury to disregard the assertions made by the defendants' attorney.   The affidavits of the jurors, in which it is stated that " the principal grounds of the verdict were that the plaintiff proved no title by the deed; that defendants had three tax deeds; that plaintiff never paid any taxes; and that defendants paid all the taxes, and the County Court had decided that plaintiff was a tenant of defendants,"—were inadmissible, and cannot now be considered.   A juror cannot thus impeach his own verdict.   There is but one ground upon which a verdict can be assailed in this way.   It is expressed in the code. " Whenever any one or more of the jurors have been induced to assent to any general or special verdict, or to a finding on any question submitted to them by the court, by a resort to the determination of chance, such misconduct may be proved by the affidavit of any one of the jurors."   (Code Civ. Proc., sec. 657, subd. 2; *Polhemus* v. *Heiman,* 50 Cal. 438;  *Turner* v. *Tuolumne W. Co.,* 25 Cal. 397.)

The leases were properly admitted in evidence.   They were admissible to show the character of plaintiff's possession,—whether for himself or as tenant of Ferguson. The plaintiff testified that he took possession in 1867, " to take care of the tract under the same old agreement." The leases contained this provision: "And to pay the rent as above stated during the term; also the rent as above stated for such further term as the lessee may hold the same."   It was for the jury to determine whether plaintiff re-entered upon the premises under the terms of the lease, or under the parol agreement testified to by plaintiff.

It was not error to admit in evidence the testimony of Dean, deceased, which had been taken down by the short-hand reporter on a trial in the County Court. Evidence may be given "of the testimony of a witness deceased, or out of the jurisdiction, or unable to testify, given in a former action between the same parties relating to the same matter." (Code Civ. Proc., sec. 1870, subd. 8.) Although in that action Mrs. Judah as executrix was plaintiff, it was an action between the same parties, within the meaning of this provision, for the executrix represented the heir therein, and the judgment in such cases is binding upon the heirs, whether they be made parties or not. (*McLeran* v. *Benton, ante*, p. 329, and cases cited therein.)

It was an action "brought against the plaintiff as lessee, under and by the terms of the lease." The testimony of the witness Dean was directed exclusively to the question whether the plaintiff held possession of the lot in controversy under the terms of the lease, and as tenant of Ferguson, or for himself, claiming the property as his own. The judgment in unlawful detainer is conclusive on the questions of tenancy and refusal to surrender (*Willson* v. *Cleaveland*, 30 Cal. 201); and the judgment in an action for forcible entry is admissible in a subsequent action of ejectment to show adverse possession. (*Unger* v. *Roper*, 53 Cal. 39.) Conceding, therefore, that the test as to the admissibility of such evidence is as stated by appellant, would a judgment in the first case be evidence in the second, and was the witness open to cross-examination? The testimony of Dean was admissible upon the questions of tenancy and adverse possession.

The court instructed the jury in effect that, by virtue of a deed made by Frank McCoppin and others on behalf of the city and county of San Francisco, in pursuance of the provisions of certain ordinances, acts of Congress, and the legislature of California, "all the es-

tate and interest, present and future, of the said city and county of San Francisco in and to such lands," had been granted unto the said Ferguson, and to his heirs and assigns forever. We are unable to see any prejudicial error in the giving of this instruction. There can be no doubt that Ferguson was the beneficiary under the ordinance and the acts of Congress. He was in the *bona fide*, actual possession thereof by himself and his tenants on the date of the passage of the act of Congress, approved March 8, 1866.

Prior to the execution and delivery of the McCoppin deed, by a decree rendered in favor of the plaintiff in the case of *John Ferguson* v. *The City and County of San Francisco*, in the Twelfth District Court, July 8, 1865, the title of plaintiff as against the said city to the premises in controversy had been quieted. This appears from a statement in the transcript, and from evidence admitted on behalf of the defendants without objection. The plaintiff does not claim to have been in possession for himself in 1866, when the ordinance title passed. On the contrary, he recognizes Ferguson as the possessor and owner of the property down to the fall of 1867, when he, the plaintiff, claims to have gone into possession under a verbal contract to purchase the same from Ferguson. He testified that in July or June, 1867, Miller was in possession, and refused to let him enter until Ferguson returned. He testified further: "Miller delivered up the premises to me because I was to re-enter under an agreement to take care of the tract under the same old agreement." At the request of the plaintiff the jury was instructed: "If you find that the plaintiff went into possession of the lot in question under a lease or leases in 1861 or 1864, and that he thereafter surrendered and gave up the possession of the lot, then the relation of landlord and tenant ceased. . . . . Any subsequent taking possession by plaintiff would not necessarily restore the relation of landlord and tenant. . . . .

LXXIII. CAL.—39

If you find that he, after such surrender, took possession of the lot under an agreement with the owner that he, the plaintiff, was to have the lot as his own property in consideration for certain services, and he performed such service, he thereby became the absolute owner of the lot."

In his evidence and in his instructions he recognized Ferguson as the owner of the lot in 1867, and the evidence of the defendants shows beyond all controversy that the title of the city vested in Ferguson and his heirs. If it be conceded, therefore, that the McCoppin deed was void, the instruction of the court referred to was harmless.

Other instructions excepted to by the plaintiff correctly stated the law under the evidence.

The order is affirmed.

McFARLAND, J., SEARLS, C. J., SHARPSTEIN, J., Mc-KINSTRY, J., and TEMPLE, J., concurred.