[No. 12866.  In Bank. — September 2, 1889.]

## FRANK T. BRIGGS ET AL., APPELLANTS, v. JOHN G. BRIGGS ET AL., RESPONDENTS.

DEPOSITIONS — PARTIES — SUCCESSORS IN INTEREST. — A deposition which is taken in an action, and is admissible in such action, is admissible in an action between their successors in interest upon the same subject and involving the same issues.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order refusing a new trial.

The facts are stated in the opinion.

*W. C. Burnett,* for Appellants.

*Morrow & Stratton,* and *N. O. Bradley,* for Respondents.

HAYNE, C. — This suit was brought by one Frank T. Briggs and Mary E. Briggs, his wife, against his brothers, John G. and Albert L. Briggs, and one Mary J. Briggs (which last made no defense), for the purpose of setting aside a deed made by the plaintiff Frank to his father, Joseph W. Briggs. Judgment was given in favor of the defendants John and Albert, and the plaintiffs appeal. The sole point made for the appellants is, that the trial court erred in admitting in evidence the deposition of the father, Joseph W. Briggs. This deposition was taken in a suit brought by the father against the plaintiffs here. During the pendency of the father's suit, he made a deed of gift of the property to the defendants John and Albert, and subsequently died. Thereupon the plaintiffs com-

menced the present suit as aforesaid. It is stipulated that the subject-matter of the father's suit "was identical with that of the suit at bar," and that "the issues in both cases were in all respects the same," with certain unimportant exceptions. It is further stipulated that the plaintiffs herein were "regularly notified of the taking of said deposition of said Joseph W. Briggs; that said Frank T. Briggs and Mary E. Briggs appeared by their counsel, W. C. Burnett, at the taking of said deposition and were granted, and so exercised, the privilege of cross-examining said Joseph W. Briggs"; and that "said deposition was in all respects proper, and the same was taken upon full compliance with all provisions of law."

The provisions of the Code of Civil Procedure in relation to the matter are as follows:—

Section 1870, subdivision 8, provides that evidence is admissible of "the testimony of a witness deceased, or out of the jurisdiction, or unable to testify, given in a former action between the same parties, relating to the same subject-matter."

"SEC. 2034. When a deposition has been once taken, it may be read by either party in any stage of the same action or proceeding, or in any other action between the same parties upon the same subject, and is then deemed the evidence of the party reading it."

And in the chapter in relation to public writings, and in connection with provisions with respect to the conclusiveness of judgments, the same code defines the word "parties" as follows: "The parties are deemed to be the same when those between whom the evidence is offered were on opposite sides in the former case, and a judgment or other determination could in that case have been made between them alone, though other parties were joined with both or either." (Code Civ. Proc., sec. 1910.)

The question is, whether the phrase "the same parties" in the above provisions can be construed so as to include "successors in interest."

It must be admitted that the strict and literal and ordinary meaning of the term is as appellant claims. But there is a larger though less usual meaning which includes " all persons who are represented by the parties, and claim under them, or in privity with them." (1 Greenl. Ev., sec. 523.) And a more liberal construction was given in the case of *Fredericks* v. *Judah*, 73 Cal. 608. There the testimony of a deceased witness, given in a former action brought against the plaintiff by the executrix of the person of whom the defendant was heir and through whom he claimed, was proved by the introduction of the reporter's notes. It was held that there was no error, and Paterson, J., delivering the opinion, after quoting from section 1870, above referred to, said: "Although in that action Mrs. Judah, as executrix, was plaintiff, it was an action between the same parties within the meaning of this provision, for the executrix represented the heir therein, and the judgment in such cases is binding upon the heirs, whether they are made parties or not."

That case is not absolutely identical with the case before us, for a successor in interest is not "represented " by his predecessor in the way that an heir is represented by the executor. But it affirms the principle that the phrase " the same parties " is not confined to the persons who are parties by name to the record.

And we think that this principle is a sound one. Aside from the provisions of the code, it is well settled that depositions taken in an action between two parties are admissible in actions between their successors in interest. (1 Greenl. Ev., secs. 164, 553; 3 Greenl. Ev., sec. 326; *Atkins* v. *Anderson*, 63 Iowa, 743; *Wade* v. *King*, 19 Ill. 301; *Goodrich* v. *Hanson*, 33 Ill. 498; *Adams* v. *Raignier*, 69 Mo. 363; *Cooper* v. *Smith*, 8 Watts, 536; *Kerr* v. *Gibson*, 8 Bush, 130; *Coke* v. *Fountain*, 1 Vern. 413; *Nevil* v. *Johnson*, 2 Vern. 447; Starkie on Evidence, *415; Powell on Evidence, 187, 188; Stephen's Digest

of Evidence, 48, 49.) This rule was sanctioned by long experience, and was beneficial in operation. It is not an unsafe rule. For while the successor in interest may not have had an opportunity to cross-examine the witness, yet the person in whose shoes he stands had, and this is sufficient for every practical purpose. The question arises, therefore, whether a long-settled and beneficial rule of evidence is to be abrogated by a somewhat strict construction of a phrase which is capable, without being strained, of a construction which would preserve the rule. We do not think that it should. The code itself provides that its provisions " are to be liberally construed, with a view to effect its objects, and to promote justice." (Code Civ. Proc., sec. 4.) And we think that if it had been the intention to change a well-settled and important rule, such intention would have been expressed in plain terms.

In this case there was a succession of interest on one side only. The appellants were parties to the suit in which the deposition was taken, and were notified of its taking, and were represented by counsel thereat, and were permitted to cross-examine the witness upon precisely the same issues as are involved here.

We think that the ruling complained of was right. And we therefore advise that the judgment and order appealed from be affirmed.

BELCHER, C. C., and VANCLIEF, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.