[Civ. No. 4375. Second Appellate District, Division One.—March 20, 1925.]

## W. W. GATES, Respondent, v. C. W. PENDLETON, Appellant.

[1] NEGLIGENCE—ACTION FOR DAMAGES—PARTIES—JUDGMENT.—In an action for damages for personal injuries resulting from an automobile accident, the contention that the action having been brought against several defendants, a judgment against one of such defendants is unauthorized, cannot be sustained.

[2] ID.— INCONSISTENT STATEMENTS — IMPEACHMENT — ADMISSION AGAINST INTEREST. — While the general rule with reference to statements made by a witness which are inconsistent with the testimony of the witness is that such statements may be considered for the purpose only of reflecting upon the credibility of the witness, such rule does not wholly apply when the witness is a party to the action; and any statement so made by a party to an action may be considered not only for the purpose of impeachment, but as an admission against interest as well.

[3] ID.—RIGHT TO BELIEVE ADMISSIONS.—Where the testimony given by a party to an action differs materially from his admissions, a conflict in the evidence is created; and the jury has the right to believe such admissions, rather than the testimony of such party.

[4] ID.—APPEAL—ASSUMED FACTS — NEW TRIAL — LAW OF CASE.— Where there is no substantial difference between the facts assumed

---

(1) 18 C. J., p. 1171, n. 32.  (2) 22 C. J., p. 296, n. 93 New; 40 Cyc., p. 2687, n. 93, p. 2708, n. 62.  (3) 22 C. J., p. 426, n. 34. (4) 4 C. J., p. 1110, n. 80.  (5) 40 Cyc., p. 2511, n. 37 New.  (6) 22 C. J., p. 428, n. 79.  (7) 4 C. J., p. 975, n. 88, p. 998, n. 88, p. 999, n. 14.  (8) 29 Cyc., p. 1025, n. 50.  (9) 29 Cyc., p. 1025, n. 50 New, p. 1028, n. 78 New.

---

3. See 10 Cal. Jur. 1083.

by the appellate court and the facts which the jury determine to be true, when the cause is heard the second time, the decision of the appellate court based upon such facts is the law of the case.

[5] ID.—DEATH OF SON—TESTIMONY ON PREVIOUS TRIAL.—Upon the second trial of an action originally brought against a father and his son to recover damages for personal injuries sustained as the result of an accident growing out of the use of the son's automobile, it is not error to admit in evidence the testimony given by the son on the first trial where, subsequent thereto but prior to the second trial, the son had died; and the admissibility of such prior testimony is not affected by the fact that the son was represented by different counsel from that representing his father.

[6] ID.—TESTIMONY ON FORMER TRIAL—WHEN ADMISSIBLE.—At common law the testimony of a witness given on a former trial of a case between the same parties was admissible for or against either party to the action, upon showing that such witness was either dead or without the jurisdiction of the court; and, since the enactment of section 1870 of the Code of Civil Procedure, the courts have construed that section in accordance with such common-law rule.

[7] ID.—EVIDENCE — HEARSAY—HARMLESS ERROR.—Assuming that it was error to admit in evidence as against the father that portion of the son's testimony wherein he stated that he entrusted his automobile to his father when the evidence showed that at no time had he communicated with his father in the matter, such error was harmless in view of the fact, according to the father's admission, that he had invited his son and had requested that he take several of the party to a certain celebration, coupled with the fact that the son's automobile was sent to and used by the father, although the son himself could not attend.

[8] ID.—NEW TRIAL — CONDITIONAL ORDER—CONSENT BY ATTORNEY NOT OF RECORD.—Defendant had no cause of complaint because of the fact that, after the court had made a conditional order to the effect that if within a certain fixed time plaintiff should file a written consent that the judgment be reduced in a certain amount defendant's motion for a new trial would be denied, otherwise the motion would be granted, an attorney other than plaintiff's attorney of record filed on behalf of plaintiff and his attorney the required consent, where such other attorney had been authorized both by plaintiff and his attorney to act in the premises, and said consent was afterward ratified and confirmed by plaintiff in person.

---

5. See 10 R. C. L. 966; 10 Cal. Jur. 1128.
6. See 10 Cal. Jur. 1125.

[9] ID.—ENTRY OF ORDER AFTER OFFICE HOURS—ABSENCE OF INQUIRY. In such case, the facts that the written consent to the reduction of the judgment was filed in the office of the clerk and the order denying the motion for a new trial was made by the court and entered in the minutes of the court after regular office hours on the day fixed by the court as the date within which such consent had to be filed, gave defendant no just cause of complaint.

APPEAL from a judgment of the Superior Court of Los Angeles County. Paul J. McCormick, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. W. Pendleton, *in pro. per.*, E. J. Emmons and Meserve & Meserve for Appellant.

Thomas K. Case for Respondent.

HOUSER, J.—Because of personal injuries sustained by plaintiff in an automobile accident he brought an action for damages against C. W. Pendleton, Sr., C. W. Pendleton, Jr., a man by the name of Houston, and a certain corporation.

The action has been twice tried. On the first hearing a motion for nonsuit was granted. An appeal from the judgment thereon rendered resulted in a reversal thereof. (*Gates v. Pendleton*, 184 Cal. 797 [195 Pac. 664].) Before the case came on for trial the second time C. W. Pendleton, Jr., died, and the action was dismissed as to all defendants excepting C. W. Pendleton, Sr. From a judgment in favor of plaintiff, defendant appeals.

[1] Appellant's first claim for reversal in substance is that the action having been brought against several defendants, a judgment against one of such defendants is unauthorized. No authority in point is submitted by appellant, and we know of none which would sustain such contention.

It is next urged that the evidence shows that defendant was but a passenger in the automobile which collided with plaintiff, and that as such passenger defendant had no control of said automobile or its movements, or the driver thereof. It appears that one General C. F. A. Last was desirous of entertaining some of his friends at a certain clubhouse situated some distance outside of the city of Los

Angeles, but that he did not have automobile transportation at his command sufficient to accommodate his intended guests in conveying them to and from the place where the clubhouse was located. Regarding the point under consideration, the testimony of C. W. Pendleton, Sr., on the second trial was to the effect that General Last "requested him to invite appellant's son (C. W. Pendleton, Jr.) to bring with him his automobile so that he, appellant's son, could take some of the guests to the place of celebration"; that at that time defendant's son was absent from home, but was expected to return on the morning of the day on which the trip was planned; that instead of talking with his son personally regarding the matter, C. W. Pendleton, Sr., sent word to his son by a young man who was in the son's employ, and that the result was that the son, being unable to attend the "celebration," in compliance with the request thus communicated, sent his automobile with the young man as the driver thereof. It was on the return trip from the clubhouse that the accident in question occurred.

When the case was tried the first time the testimony given by C. W. Pendleton, Sr., differed in its effect in certain important respects from that given by him on the second hearing. Apparently with that fact in mind, and for the purpose of impeaching the testimony given by said defendant on the second trial, counsel for plaintiff offered a part of the testimony given by defendant on the first trial as follows: "A. Why, General Last suggested that if I knew of anyone who had a car who could take a part of his party down to the place where we were going, he would invite him along as a guest; he would be very glad to have it, because he did not have enough automobiles arranged at that time to take the party, and I told him that my son had a car, and while he was away, he was expected home early in the morning the day on which this excursion was fixed, and I would ask him to take us down and I sent word to him by Tolle (the young man in the son's employ)—as he left me at the corner, to tell my son and ask him if he would not go along and take a number of people that were there. Clarence (Tolle) came back alone and said that my son, having just come home, told him that he had some things to attend to and would not go, but would let him have the car."

[2]    While the general rule with reference to statements
made by a witness which are inconsistent with the testimony
of the witness is that such statements may be considered for
the purpose only by reflecting upon the credibility of the wit-
ness, such rule does not wholly apply when the witness is a
party to the action.  Any statement so made by a party to an
action may be considered not only for the purpose of im-
peachment, but as an admission against interest as well.
In the case of *Hall* v. *Bark "Emily Banning,"* 33 Cal.
522, plaintiff sued to recover the value of the contents of
a trunk.  On the trial plaintiff testified to the value of the
property.  Regarding such value, witnesses for the defend-
ant testified to former statements made by plaintiff which
were inconsistent with the testimony which she had given
at the hearing of the action.  Touching the effect of such
testimony the court said: "The latter testimony may be
regarded in two aspects: First, as evidence tending to im-
peach the plaintiff as a witness: and, second, as evidence of
admissions of a party to the suit.  Regarding the plaintiff
as a witness, her declarations made out of court, differing
from her statements as a witness in the case, tend to impeach
her credit.  And this is their only tendency.  They are not
competent evidence of any fact in issue. . . .

"The rule is settled beyond all controversy that the ad-
missions or declarations of a party to a suit are admissible
as evidence against the party making them.  When given in
evidence, they tend, as does other competent evidence, to
prove the fact in issue to which they relate.  We do not
understand that the result of the permission given by statute
to the parties to an action to testify in their own behalf,
has blended in one, the different characters of party and wit-
ness, nor obliterated the distinction between admission of
parties against interest, and statements out of court contra-
dictory to their testimony at the trial."

In the instant case we have one statement by defendant
C. W. Pendleton, Sr., to the effect that General Last had
requested said defendant to invite his son "to bring with
him his automobile so that he, defendant's son, could take
some of the guests to the place of celebration," and another
important statement that General Last was desirous of hav-
ing the son and his automobile for the purpose of conveying
some of the guests, and that defendant had said that he

would ask his son to take them down and sent word to his son "to tell my son and ask him if he would not go along and take a number of people that were there."

[3] Again referring to the case of *Hall* v. *Bark "Emily Banning,"* 33 Cal. 522, we find the rule laid down that where the testimony given by a party to the action differs materially from his admissions, a conflict in the evidence is created. Assuming the correctness of such rule, the jury in the instant case had the right to believe the admissions of defendant, rather than the testimony which he gave.

[4] When the case was formerly before the supreme court (*Gates* v. *Pendleton,* 184 Cal. 797 [195 Pac. 664]), the facts were assumed to be in accordance with the statements contained within defendant's said admissions, and it was held that in such circumstances, coupled with the further fact within defendant's knowledge (of which there is no dispute) that his son had declined the invitation to join the party, but had sent as a driver of the automobile the young man in his employ who had carried the message from the father to the son—the inference was reasonable that thereafter the father was in charge of the expedition and was responsible for the negligence of the driver. It will thus be seen that the testimony adduced on the second hearing of the action, and which the jury had a right to determine presented the true facts in the case, was identical with the facts when the appeal from the judgment based upon the ground of the motion for nonsuit in the first hearing was decided by the supreme·court, as reported in 184 Cal. 797 [195 Pac. 664]. As heretofore stated, the conclusion reached by the supreme court was in effect that on such facts C. W. Pendleton, Sr., was liable. In view of the fact that there is no substantial difference between the assumed facts in the action as presented on its first hearing and the facts which the jury undoubtedly determined to be true when the cause was heard the second time, the decision in 184 Cal. 797 [195 Pac. 664], became and is the law of the case, at least so far as the question of the sufficiency of the evidence to sustain the verdict and judgment is concerned. (*Baird* v. *Baird,* 193 Cal. 225 [223 Pac. 974]; *Benson* v. *Shotwell,* 103 Cal. 163 [37 Pac. 147].)

[5] Complaint is made by appellant that the court erred to his prejudice in admitting in evidence on the second trial

the testimony given by C. W. Pendleton, Jr., on the first hearing of the action. On the first trial the plaintiff called C. W. Pendleton, Jr., as a witness under the provisions of section 2055 of the Code of Civil Procedure. It is appellant's contention that because that section provides, in part, that "such witness, when so called, may be examined by his own counsel," appellant, who was represented by different counsel from that representing C. W. Pendleton, Jr., was precluded from any examination of such witness. The statute, however, is entitled to a broader construction. In itself it contains the provision that "a party to the record . . . may be examined by the adverse party as if under cross-examination, subject to the rules applicable to the examination of other witnesses"; and by section 1846 of the Code of Civil Procedure it is provided that "a witness . . . can be heard only in the presence and subject to the examination of all the parties, if they choose to attend and examine." By considering the two statutes together, it is plain that the construction for which appellant contends is untenable.

Subdivision 8 of section 1870 of the Code of Civil Procedure provides that evidence may be given upon the trial of "the testimony of a witness deceased, . . . given in a former action between the same parties, relating to the same matter."

It is urged that because death had removed C. W. Pendleton, Jr., as a party to the action, the statute which requires that in order that his testimony be admissible, the action must be "between the same parties" has no application to the instant facts. In other words, when C. W. Pendleton, Jr., gave his testimony the action involved persons differing from those affected by the action when his testimony was sought to be used in evidence.

[6] The case of *People* v. *Bird*, 132 Cal. 261, 263 [64 Pac. 259], is authority for the statement that at common law the testimony of a witness given on a former trial of a case between the same parties was admissible for or against either party to the action, upon showing that such witness was either dead or without the jurisdiction of the court; and that before the adoption of the codes such rule was sanctioned and employed in this state (citing cases). Since the enactment of section 1870 of the Code of Civil Procedure the courts have repeatedly construed that section in accord-

ance with the common-law rule and have uniformly adhered to the principle. (*Meyer* v. *Foster,* 147 Cal. 166 [81 Pac. 402]; *Mann* v. *Scott,* 180 Cal. 550 [182 Pac. 281]; *Benson* v. *Shotwell,* 103 Cal. 163 [37 Pac. 147]; *Hicks* v. *Lovell,* 64 Cal. 14 [49 Am. Rep. 679, 27 Pac. 942].)

Section 1910 of the Code of Civil Procedure provides that "The parties are deemed to be the same when those between whom the evidence is offered were on opposite sides in the former case, and a judgment or other determination could in that case have been made between them alone, though other parties were joined with both or either."

Considering such sections in connection with the provisions of subdivision 8 of section 1870 of the Code of Civil Procedure with reference to "the same parties," it is clear that "those between whom the evidence (of C. W. Pendleton, Jr.) is offered were on opposite sides" when the case was first tried, and that "a judgment . . . could in that case have been made between" the plaintiff therein and C. W. Pendleton, Sr., "though other parties were joined with either or both."

It is also apparent that a judgment against all the parties defendant in the instant action would have been equally effective as to each of them and that on the payment thereof by any one of them no right in him to contribution by the others would have existed.

While, strictly speaking, after the death of C. W. Pendleton, Jr., the action as then subsisting was not "between the same parties," in common sense and understanding there was no change as to the parties affected. It is a rule of construction that the provisions of the code "are to be liberally construed" with a view to effect its objects and to promote justice. (Sec. 4, Civ. Code; sec. 4, Code Civ. Proc.) In the case of *Briggs* v. *Briggs,* 80 Cal. 253 [22 Pac. 334], it is declared that the long-settled and beneficial rule of evidence, like that which permits depositions taken in an action between two parties to be used in evidence in an action between the successors in interest of such parties, should not be abrogated by a strict construction of the language of the statute, and that the phrase "the same parties" should not limit the use of evidence otherwise admissible to those persons whose names appear of record in the action. See, also, *Fredericks* v. *Judah,* 73 Cal. 604 [15 Pac. 305], where

an executor of a will was accorded the same rights as the
testator would have had in the matter of the use of evidence
given in a former action by a witness who had died before
the hearing of the second action.  The object of the statute
in question was to make available to any party to an action
the testimony of a witness given on a former hearing thereof
when, because of the death of such witness, his testimony in
person no longer would be possible.  The construction for
which appellant contends, if within the letter of the law,
is surely without its spirit.

[7]  But if it be assumed that plaintiff had the right to
introduce in evidence on the second hearing of the action
the testimony which was given by C. W. Pendleton, Jr., at
the time the case was first tried, appellant urges the further
objection (which was made at the time the testimony was
given), that a part of such evidence was improperly admitted
for the reason that it called for a conclusion of the witness,
was hearsay, incompetent, irrelevant, and immaterial.

The testimony to which such objection was thus made
was as follows: "Q. To whom, if anyone, had you entrusted
the machine?  A. That day?  Q. To your father at any
time?  A. Yes, to him and to Tolle."

The evidence shows that at no time had C. W. Pendleton,
Jr., directly communicated with defendant C. W. Pendleton,
Sr., regarding the matter.  Apparently, with reference to the
same testimony, the supreme court on the former appeal
(*Gates* v. *Pendleton,* 184 Cal. 797, 800 [195 Pac. 664, 665]),
said: "The statement of the son that he loaned the car to
Tolle and his father cannot bind the latter unless he had
authorized or requested Tolle to get the use of it for him,
or unless, with knowledge that the auto with Tolle as its
driver had been furnished to him by his son, he accepted
the use and service so tendered."

Based on the evidence adduced on the first trial, and which
evidence differed in no material respect from that which
the jury had a right to accept on the second hearing, the
supreme court ruled that "the father must have undertsood,
what was the fact as shown by the son's testimony, that the
car and driver were furnished for his use."  At any rate,
in view of the fact, according to the defendant's admission,
upon which the jury necessarily acted in bringing in its
verdict, that he had invited his son and had requested that

he take several of the party to the "celebration," coupled with the fact that the son's automobile was sent to and used by defendant C. W. Pendleton, Sr., the objectionable evidence (if it can be so considered) given by the son to the effect that he had entrusted the automobile to his father on that occasion, was merely cumulative, and the error, even assuming it to be such, was harmless.

[8] It is finally contended by appellant that the court erred in denying defendant's motion for a new trial.

It appears that on the hearing of the motion the trial court made a conditional order to the effect that if within a certain fixed time plaintiff should file a written consent that the judgment be reduced in a certain amount, the motion for a new trial should be denied; otherwise that such motion be granted. Plaintiff's attorney was temporarily absent from the county where the action was tried at the time the order was made; but another attorney who (according to the several affidavits of plaintiff and his said attorneys) had been authorized both by plaintiff and by plaintiff's attorney to act in the premises filed on behalf of plaintiff and his attorney the required consent, which consent was afterward ratified and confirmed by plaintiff in person. Thereupon the motion for a new trial was denied. [9] Further question is raised by appellant because the written consent was filed in the office of the county clerk, and the order denying the motion for a new trial was made by the court and entered in the minutes of the court after regular office hours on the day fixed by the court as the date within which such consent had to be filed. In such circumstances we are unable to perceive any just cause for complaint on the part of defendant.

The judgment is affirmed.

Conrey, P. J., and Curtis, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 18, 1925, and appellant's petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 18, 1925.

All the Justices concurred.