[Sac. No. 4427.   In Bank.—August 18, 1931.]

H. J. READ, Respondent, v. REGNHILD JOHNSON et al., Appellants.

H. W. Zagoren for Appellants.

Matthew A. McCullough for Respondent.

SHENK, J.—This is an appeal from a judgment in favor of the plaintiff in an action to enforce a stockholder's liability.

Andrew Johnson died intestate on July 22, 1921, in the county of Sacramento. Carl Johnson was appointed administrator of his estate, consisting of separate and community property. A final decree distributing the estate to the heirs at law and the assigns of certain of them was filed on April 7, 1924. The administrator was discharged on April 13, 1925.

At the time of his death the decedent was the owner of 330 shares of the capital stock of the Yuba Vineyards Company, a corporation, and this stock came into the possession of the administrator. The rights, privileges and powers of said corporation were suspended on March 1, 1924, by reason of the nonpayment of its license tax. After the appointment of the administrator and during the years 1923 and 1924 said corporation contracted certain indebtedness by reason of the purchase of farm machinery, materials and supplies from Booth & Herboth, merchants at Marysville. Much of this original indebtedness, after it was incurred, was merged in promissory notes executed by the corporation to the creditor firm. Some of the notes were paid, but four of them remained unpaid. The unpaid notes and the open book account were transferred to the plaintiff for purposes of collection. On June 30, 1924, this action was commenced against the administrator to recover the proportionate share of said indebtedness chargeable to the decedent as a stockholder of said corporation.

The complaint is in five counts, four of which are on the indebtedness evidenced by the promissory notes and for interest and attorney's fees provided for therein. The first note is dated January 2, 1924, for $950; the second is dated November 21, 1923, for $261.20; the third, December 3, 1923, for $940, and the fourth, February 1, 1924, for $1371.95. The fifth count alleged the indebtedness of the corporation to the plaintiff's assignor in the sum of $998.16 on an open

book account extending from July 25, 1923, to February 18,. 1924. After the discharge of the administrator and on December 22, 1925, the plaintiff, by leave of court, filed an amended and supplemental complaint substituting as parties defendant the heirs at law of the decedent who were the distributees of the estate and the California National Bank as assignee of the defendant widow, in the place and stead of the administrator. The demurrer of the defendant bank was sustained and the action as to it was dismissed. On issue joined by the remaining defendants the case was tried and the court ordered findings in favor of the plaintiff and appointed a referee to take the account and determine the amounts properly chargeable to each defendant. The referee found the defendant widow chargeable with the sum of $1194.33 and each of the nine remaining defendants with the sum of $146.46. Judgment was entered accordingly.

The first point made on the appeal is that the defendant stockholders are not liable on account of the promissory notes alleged in the first four counts of the complaint for the reason that their liability, if any, can be predicated only on the original indebtedness and not on the promissory notes. As to the fifth count it is contended that a stockholder is not liable on an open book account, but is liable only upon each individual purchase for a period of three years next ensuing.

The defendants cite as controlling the case of *Winona Wagon Company* v. *Bull*, 108 Cal. 1 [40 Pac. 1077, 1078]. In that case a stockholder was sought to be held on an indebtedness evidenced by the promissory note sued on, executed as a renewal of prior promissory notes. It was held that neither the date of the note sued on nor the date of the notes of which it was a renewal were conclusive as to the time when the liability arose, in the absence of a showing as to when the indebtedness was created. It was stated as well settled that "the liability of a stockholder is an original liability created by the statute; that his liability is dependent upon the *fact* that he is a stockholder at the time the debt is created, and the *extent* of his liability is measured by the proportion between the stock *then* held by him and the total number of shares issued", and that an allegation "that the defendant was a stockholder at the time the note was given is not an allegation that the debt was incurred

436

at that date, nor that the defendant was a stockholder at any prior date when the indebtedness was contracted''. For aught that appeared in the complaint the defendant in that case may not have been a stockholder when the debt was created. It was accordingly held that the complaint did not state a cause of action.

In the case at bar the times when the several indebtednesses were contracted were alleged in the complaint. The dates of the notes and of the items of the indebtedness represented thereby were proved. The dates of the items making up the open book account were also proved. This, we think, was sufficient. The dates thus shown remove the case from any question of the statute of limitations (Code Civ. Proc., sec. 337), and the estate in the person of the administrator was the stockholder during all of said times.

The action to enforce the stockholder's liability could have been maintained against the decedent had he been living. Upon his ownership of the stock at the time of his death, the action was maintainable against his administrator. (Secs. 385, 1582, Code Civ. Proc.; secs. 313, 322, Civ. Code; *Miller & Lux, Inc.,* v. *Katz,* 10 Cal. App. 576 [102 Pac. 946].)

Although both the original and the amended and supplemental complaints alleged the execution of the four notes by the Yuba Vineyards Company, the original indebtedness was proved and the notes were admissible as evidence of the original indebtedness. It is true that the notes provide for interest on the indebtedness, and for attorney fees in the event of suit, and include certain so-called ''carrying charges.'' These items can be viewed in no other light than as additional obligations which the corporation had the right to assume and since they were incurred within the period of the statute and while the stock was owned by the estate, the stockholder's liability would attach thereto and the consideration therefor was the extension of the time of payment. We find nothing in *Santa Rosa Nat. Bank* v. *Barnett,* 125 Cal. 407 [58 Pac. 85], or *Cordes* v. *Paulson,* 78 Cal. App. 90 [248 Pac. 546], which would justify a contrary conclusion. Those cases are clearly distinguishable on the facts and do not support the defendants' position. They do not involve the point presented.

■ The second contention in support of the appeal is that the superior court had no jurisdiction of the subject matter of the action, especially as to the nine defendants against whom judgment was rendered in the sum of $146.46. There is no merit in the point. The court had jurisdiction of the action originally filed against the administrator. During the course of administration the stock of the defendant was sold with the approval of the court. It does not appear that the sale was necessary to the settlement of all claims of the estate, but it does appear that the sale was advantageous to the estate. However this may be, the sale did not affect the plaintiff's cause of action against the administrator.

■ After distribution was ordered to the defendants and after the discharge of the administrator in April, 1925, the plaintiff filed his amended and supplemental complaint in which the new matter was appropriately alleged and in which it was sought to follow the funds, which should have been held to discharge the plaintiff's claim during administration, into the hands of the distributees and to impress a trust thereon for the protection of said claim. We find no error in allowing the amended and supplemental complaint to be filed. In its essential characteristics the purpose of the action remained the same and it was necessary, by reason of the discharge of the administrator pending the action, to set up the new matter alleged in the amended and supplemental complaint in order that the relief sought might be granted. This new matter was within the equitable cognizance of the court and jurisdiction was thus retained. (*Gardiner* v. *Roger*, 167 Cal. 238 [139 Pac. 75].)

■ The defendants make what are called minor points. The only one requiring notice is that the court erred in admitting in evidence the deposition of one Albrecht, secretary of the Yuba Vineyards Company, taken before the substitution of the parties defendant. The substituted parties were in reality the real parties in interest. When they were brought in they took the case as they found it and were bound by the prior proceedings in the case to the same extent as if the administrator had not been discharged and had continued to be the party defendant. (*Briggs* v. *Briggs*, 80 Cal. 253 [22 Pac. 334]; *Fredericks* v. *Judah*, 73 Cal. 604 [15 Pac. 305].) The case of *Lange* v. *Braynard*, 104 Cal.

156 [37 Pac. 868], cited by the defendants, is not in point on the facts. On the contrary, the discussion therein supports the plaintiff's position.

The judgment is affirmed.

Seawell, J., Preston, J., Langdon, J., Waste, C. J., and Curtis, J., concurred.

Rehearing denied.