FERDINAND VOLBRACHT *et al.*

*v.*

GABRIEL WHITE *et al.*

*Opinion filed June 19, 1902.*

1. WITNESSES—*disclaimer of interest does not render witness competent.* Under section 7 of the Evidence act, if any party to a suit would, under sections 2 and 3 of the act, be incompetent to testify, he cannot be made a competent witness by releasing his interest.

2. SAME—*naming party as a defendant does not make him an adverse party.* Upon a bill by the heirs-at-law to contest a will and divest the legatees of all right in the estate, the dismissal of one of the heirs-at-law as a complainant and the naming him as a defendant does not make him an adverse party.

3. SAME—*when party is not competent to testify on will contest.* Upon a bill by the heirs-at-law to contest a will, an heir-at-law who has been named as a party defendant is incompetent to testify, on behalf of the contestants, as to the testamentary capacity of the deceased, or to detail conversations or give testimony as to facts alleged to have occurred before the death of the testator and tending to support the contestants' claim of fraud and undue influence.

4. SAME—*clause 4 of section 2 of Evidence act considered.* The conversations or admissions to which an interested party may testify under clause 4 of section 2 of the Evidence act, are conversations or admissions by the interested party himself to a person since deceased, and not to conversations or admissions by the latter.

APPEAL from the City Court of Alton; the Hon. SILAS COOK, Judge, presiding.

LEVI DAVIS, and J. F. MCGINNIS, for appellants.

DUNNEGAN & LEVERETT, and JOHN J. BRENHOLT, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a bill in chancery to contest the will of Peter Maley, deceased. The appellees and one John Haley, who were cousins of the first degree to the deceased and his only heirs-at-law, were complainants in the bill. The persons named in the will as executors and trustees thereof, and the legatees and devisees named in the will, were made parties defendant to the bill. Subsequently the complainants, by leave of the court, amended the bill by making said John Haley defendant thereto and dismissed him as one of the complainants. At the same time said John Haley placed upon file an answer to the bill, signed by him and verified by his oath, fully and absolutely disclaiming "all right, title or interest whatever in or to any real or personal property or estate of the late Peter Maley, deceased." The grounds of attack upon the will were, (1) that it was not signed by the attesting witnesses, or any of them, in the presence of each other or in the presence of the testator or at his request; (2) that the execution of the will was procured through fraud and collusion; (3) that the deceased was not of sound mind and memory; and (4) that fraud and misrepresentations and undue influence were resorted to in behalf of the legatees and devisees to induce the making of the will. The cause has been submitted to four juries, and this is an appeal from the verdict rendered upon the last hearing, which was, that the instrument purporting to be the last will of said Peter Maley is not his will.

Each of the contending parties produced many witnesses and much conflicting testimony was elicited. Among other witnesses, the appellees, the contestants, produced said John Haley. It was objected that he was incompetent to testify to any fact or circumstance alleged to have occurred prior to the death of said Peter Maley. The witness was examined upon his *voir dire,* and the fact developed that he was cousin in the first degree and one of the heirs-at-law of said Peter Maley, and that he had, for the purpose of rendering himself competent to testify, disclaimed all right or interest in the property or estate of the deceased. The court thereupon overruled the objection to the competency of said Haley as a witness and permitted him to testify. That his testimony was material and its admission, if improper, prejudicial, cannot be questioned. It related to the physical and mental condition of the deceased at the time and immediately before the writing and signing of the will. He detailed alleged conversations with the testator touching upon the issues to be tried by the jury, and which tended to show many of the legacies found place in the will at the suggestion of other persons than the testator, and without anything, by way of word or action, on the part of the testator, to indicate he assented thereto or understood what was being done, except in one instance, when he (witness) "put his mouth" to the testator's ear and "told him what was up," and that the reply then made by the testator was the only words spoken by him during the preparation of the will, and that others present during the writing of the will made suggestions and counter-suggestions as to the disposition to be made of the property of the testator, and that the witness and such other persons discussed and settled all such controversies, and the will was drawn accordingly, etc.

The purpose of the proceeding to contest the will was to divest the legatees of all right in the estate and to

vest it in the heirs-at-law. The witness Haley was one of such heirs-at-law and was a party to the suit. Aside from the question of the effect of his disclaimer, he was not competent to testify as a witness as to the testamentary capacity of the deceased, or to detail conversations alleged to have been had with him, or to give testimony as to facts or circumstances alleged to have occurred before the death of the testator, tending to support the issues on behalf of the contestants that the will was the result of undue influence, restraint or falsehood and misrepresentation. (*Brace* v. *Black*, 125 Ill. 33; *Pyle* v. *Pyle*, 158 id. 289; *Taylor* v. *Pegram*, 151 id. 106.) The dismissal of the witness as a complainant in the bill and naming him in the pleadings as a defendant had no effect to render him an adverse party in interest to the complainants. In *Pyle* v. *Pyle, supra*, we said (p. 295): "Simply naming them as defendants instead of complainants did not make them parties adverse to the complainants. A court of equity will disregard the mere matter of form as to whether they are named in the pleadings as complainants or defendants, and will look to the substance of the matter and see on which side of the controversy their real interest lies, otherwise it would be easy to evade the law and the force and effect of the statute. That from which section 2 of the statute intends to protect these executors and infant devisees is the testimony of parties to the suit whose interests are adverse to theirs." We repeated these observations with approval in *Bardell* v. *Brady*, 172 Ill. 420.

The disclaimer was for the purpose of rendering Haley competent to testify. It cannot be given such effect. It is expressly provided by statute that in such state of case a witness so incompetent to testify cannot be rendered competent in this manner. Section 7 of chapter 51, entitled "Evidence and Depositions," (Hurd's Stat. 1899, p. 860,) is as follows: "In any civil action, suit or proceeding, no person who would, if a party thereto, be

incompetent to testify therein under the provisions of section 2 or section 3, shall become competent by reason of any assignment or release of his claim, made for the purpose of allowing such person to testify." In *Albers Commission Co.* v. *Sessel*, 193 Ill. 153, this statute was enforced. It has, and must be given, full application to the case in hand.

It is urged that prior to the introduction of Haley as a witness, the witnesses Emil Braunagel, John Hentricks and J. P. Thornton, introduced in behalf of the proponents of the will, testified as to alleged acts and statements of the said Haley at and during the time of the preparation and execution of the will, and it is urged that for this reason he became competent to testify to the same alleged acts and statements. As we have seen, under the provisions of section 2 of said chapter 51, entitled "Evidence," etc., Haley, being a party to the proceedings and an heir-at-law of the deceased, was incompetent to testify against the proponent executors, legatees and devisees at the instance of the heirs-at-law, unless he was rendered competent in virtue of one or more of the exceptions enumerated in the subdivisions or clauses of this section. Five excepted cases are enumerated in the statute. Unless within one of such enumerated cases the witness must remain incompetent. Counsel do not designate either as taking the witness out of the operation of said section 2. The third or the fourth, it is clear, is the only one of such excepted cases which could be supposed to include the case of witness Haley. The third clause is as follows: "Where, in any such action, suit or proceeding, any such party suing or defending, as aforesaid, or any persons having a direct interest in the event of such action, suit or proceeding, shall testify in behalf of such party so suing or defending, to any conversation or transaction with the opposite party or party in interest, then such opposite party or party in interest shall also be permitted to testify as to

the same conversation or transaction." Neither of the witnesses Emil Braunagel, John Hentricks or J. P. Thornton was a party to the proceeding or had any direct interest in the result of the suit. The said Haley did not, therefore, become competent, under this clause of the exceptions, to contradict their statements as to what he said or did on the occasion of the making of the will.

Nor was his testimony rendered competent by clause 4 of the exceptions. It is as follows: "Where, in any such action, suit or proceeding, any witness, not a party to the record, or not a party in interest, or not an agent of such deceased person, shall, in behalf of any party to such action, suit or proceeding, testify to any conversation or admission by any adverse party or party in interest, occurring before the death and in the absence of such deceased person, such adverse party or party in interest may also testify as to the same admission or conversation." The conversations or admissions to which an interested party may testify to under this exception are the conversations or admissions which others have testified that he made,—not the conversations or admissions made by the deceased person; and the party so called as a witness is competent, under this clause, to testify only to such admissions or conversations as are said to have been made by him out of the presence of the deceased person. Such is the express provision of the statute and also the construction given it by this court. (*Ruckman* v. *Alwood,* 71 Ill. 155.) The only conversations or admissions of said Haley testified to by said witnesses were such as occurred in the presence of the testator.

The decree must be and is reversed and the cause remanded for further proceedings not inconsistent with this opinion.                *Reversed and remanded.*