JACOB CLAUSER *et al.*, Appellants, *v.* GEORGE H. STONE, Appellee.

APPEAL FROM TAZEWELL.

The rule which requires that objections to evidence should be specially stated, has application only to such objections as can be obviated; either by other evidence, or by the act of the party, and the court.

The words "with exchange" in a note, where they are unmeaning and can be rejected as surplusage, do not affect it in any way.

THIS was an action of assumpsit, brought on a promissory note by the appellee, who was plaintiff below, against the appellants, who were defendants below, and tried before HARRIOTT, Judge, without the intervention of a jury, at the September term, 1861.

The declaration contained a special count on this promissory note:

$405.04.                                      BOSTON, Dec. 9th, 1859.

Six months after date, we, the subscribers, of Pekin, county of Tazewell and State of Illinois, promise to pay to the order of B. L. Merrill & Co., with exchange, four hundred and five dollars four cents, value received, with six per ct. interest from date, payable at the bank of G. H. Rupert & Co., Pekin, Ill.

No. 1339.                                      JACOB CLAUSER.
Due June 9—12, 1860.                           W. DON MAUS.

Pay C. H. Rupert & Co., or order, for collection.
                                      B. L. MERRILL & CO.

Defendants filed plea of general issue, and issue was joined by the plaintiff.

On the trial of the cause, the plaintiff offered the above note in evidence.

To the admission of which, the defendant at the time objected.

The plaintiff, waiving the question of its admissibility under the special counts, offered the note in evidence under the common counts, and called witnesses by whom the signatures of the defendants were proven, and again offered the note in evidence; to the admission of which said note in evidence, the defendants again at the time objected; which

objection was overruled by the court, and the note was offered and read in evidence under the common counts. To the overruling of said objections, and the admission of note in evidence, the defendants at the time excepted.

The court found for the plaintiff, and the defendants moved the court for a new trial, because the judgment of the court was contrary to law and the evidence; which motion was overruled, and exceptions taken.

The court rendered judgment for the plaintiff for $447.63; and defendants craved an appeal.

B. S. Prettyman, and N. W. Green, for Appellants.

James Roberts, for Appellee.

Breese, J. The general rule is, unquestionably, as stated by the appellee's counsel, that objections on the trial, to a paper or other evidence, must be specially pointed out, so that they may be obviated if possible. But this rule applies only to cases where the objection can be removed by evidence, or by the act of the party under the sanction of the court, or by the action of the court itself. *Jackson* v. *Van Shaick et al.,* 5 Cowen, 123; *Harmon* v. *Thornton,* 2 Scam. 355.

The bill of exceptions in the case, shows the note declared on, was made payable to the order of B. L. Merrill & Co., and indorsed, "Pay C. H. Rupert & Co. or order, for collection." The suit is brought by George H. Stone, and in his name, and on his own showing, the note was the property of Rupert & Co. It would hardly be allowed on the trial, that Rupert & Co. should indorse the note to the plaintiff. That would not obviate the difficulty, for the plaintiff must show he had title to the note at the time the suit was brought. This, then, was an objection which could not have been obviated, if specifically pointed out. The cases of *Porter* v. *Cushman,* 19 Ill. 572, *Moore* v. *Maple,* 23 Ill. 343, and *Dix* v. *Mer. Ins. Co.,* 22 Ill. 272, do not materially differ from this in principle.

As to the objection, that the note is not a promissory note under our statute, or by the law merchant, because

it is payable " with exchange," and therefore like the case of *Lowe* v. *Bliss*, 24 Ill. 168. In that case, the note was payable " with current exchange on New York "—in this, simply " with exchange," which are unmeaning, and can be rejected as surplusage. They certainly do not make the note void.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*