such a verbal stipulation would be enforced by way of estoppel, as where the defendant relies upon it to his disadvantage. The suspension of the plaintiff being unlawful, it was the duty of the defendant to reinstate him, and its doing so resulted in no disadvantage to it. The defendant attempted to show that the plaintiff, though deprived of work in New York, could have obtained employment in Brooklyn, and excepted to the exclusion of evidence to that effect, and also to the charge of the trial judge that plaintiff was not bound to go outside of the city of New York for work. In what respect this was error is not pointed out. Defendant had no right to force the plaintiff to leave his place of residence in order to support himself. He had the right to live and work where he chose. The judgment should be affirmed. ·

Judgment affirmed, with costs. All concur.

(22 App. Div. 501.)

### WOODWORTH et al. v. BROOKLYN EL. R. CO.

(Supreme Court, Appellate Division, Second Department. November 30, 1897.)

1. APPEAL—REVIEW—COMPETENCY OF EXPERT.

The preliminary question as to the competency of an expert witness to give testimony is one of law, and the decision of the court thereon may be reviewed or reversed on appeal if it is against the evidence, or wholly or mainly without the support of facts.

2. EMINENT DOMAIN—DAMAGES—EXPERT EVIDENCE.

At the trial of an abutter's action for an injunction or damages against an elevated railroad, and upon the question of the value of plaintiff's property at a given date, it is reversible error for the court to admit the testimony of a witness, over defendant's objection to his competency, whose only knowledge was limited to a period eight years earlier.

3. WITNESS—COMPETENCY.

A party objecting to the competency of a witness is entitled to make a preliminary cross-examination on that question, and a denial of his right, if prejudicial, constitutes reversible error.

4. SAME—CROSS-EXAMINATION.

A hypothetical question, addressed, on cross-examination, to an expert witness, as to the effect upon the value of premises of the presence of structures on the opposite side of the street, cannot be excluded because it describes them as "shanties," if that designation has some evidence in its support, and is pertinent to the theory the cross-examiner is attempting to support.

5. COSTS—ACTIONS BY TENANTS IN COMMON.

Where four tenants in common of a given piece of property bring four separate abutters' actions against an elevated road for injunction or damages, when one action would have sufficed, and they are tried together, only one bill of costs should be allowed.

Appeal from special term,. Kings county.

Actions by Lydia Woodworth and others against the Brooklyn Elevated Railroad Company. The actions were consolidated, and from a judgment rendered in favor of plaintiffs the defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BRADLEY, BARTLETT, and HATCH, JJ.

R. Percy Chittenden, for appellant.
Theodore B. Gates, for respondents.

HATCH, J.  This is the usual abutter's action for an injunction, or, in the alternative, an award of damage.  There are four separate suits, where one action would have sufficed.  By stipulation, the actions were tried as one, and there is but one record.  The plaintiffs are tenants in common of the property involved in the action.  The damages which have been awarded are quite large, and we have not determined whether or not they can, for the full amount, be justified, as for other reasons there must be a new trial awarded.  These consist in rulings made upon the trial which we regard as involving prejudicial error.

Albert L. Woodworth was called as a witness for the plaintiff, and he testified that he knew the property; had partial oversight when it was building, in 1872 and 1873, and built the house next door, identically like it, and lived in it until about six years before the trial.  He testified that he was familiar with the value of the lot in 1876, and until the road came.  He was then asked: "Q. What was the lot, street number 41, worth in '82 and '83?"  This was objected to by the defendant on the ground that the witness was not shown competent to testify.  "The Court: He says he is."  Defendant excepted.  The witness then gave this testimony:

"I had no dealings in any lots from '76 to '83 and '84.  I knew of others having dealings, and kept track of the prices.  I understood, though, that those lots— The amount or extent of my information on the subject is not accurate, but I kept myself generally informed of the prices in the neighborhood during two years after we built the houses there,—a year or two years,—I think it was two years after.  Plaintiff's Counsel: I will not press that.  I do not think the witness is sufficiently familiar.  The Court: I think he is as familiar as anybody could be in the neighborhood.  He says he kept himself informed of the lots in the neighborhood.  Q. What was this lot worth in '85?  The Court: In '85 the operation was begun.  Defendant's Counsel: I renew my objection, on the ground that the witness is not sufficiently competent.  The Court: That will be overruled.  Exception to defendant.  Defendant's Counsel: Will your honor permit me to examine him as to competency?  The Court: No; I think he is competent.  You may cross-examine him when your turn comes.  Exception to the defendant."

Although the court said that the witness was as familiar as any one could be with the value of lots in the neighborhood, it is quite apparent that the opinion was a misapprehension of the statement made by the witness.  The first statement of the witness was that he was familiar with the value of lots in Hickory street or Lexington avenue in 1876, and along up to the time the road came, which would carry his knowledge to 1885,—the year the road was finished.  After he had been asked the question as to value, he changed this answer, and said that his information was not accurate, and that he only kept himself informed for "a year or two years after we built the houses there,—a year or two years,—I think it was two years after."  This statement limited his knowledge to 1875, 10 years before the road came.  The witness was then permitted to state the value of the lot in 1883, and fixed it at $2,000.  He then very frankly stated:

"I have no idea what the value of that lot is to-day, with the road there.  If you want my opinion, I should say, not over eight hundred or a thousand dollars,—perhaps not that.  It would depend a good deal on the purpose you want it for.  In the market itself, I should say, perhaps, eight hundred dollars."

The court is called upon, in the first instance, to determine the competency of an expert witness to give testimony, and such question becomes one of law. It was somewhat doubted whether its decision thereon could be reviewed upon appeal. Nelson v. Insurance Co., 71 N. Y. 453. It was held in Massachusetts that it was a question of law, for consideration by the whole court. Baxter v. Abbott, 7 Gray, 71. This was contrary to the doctrine announced in some of the states. It is now the settled law in this state that such ruling should not be the subject of review or reversal unless it is against the evidence, or wholly or mainly without the support of facts. Slocovich v. Insurance Co., 108 N. Y. 56, 14 N. E. 802. The ruling of the court may therefore be reviewed upon the facts, subject to this limitation. It is quite evident, as is outlined above, that the witness was without any reliable information upon the subject of value during the years when he was permitted to testify as to value, and so stated. Within the rule, therefore, it was error to receive his testimony, as it was wholly unsupported by any knowledge rendering him competent to testify. In addition to this, the right of preliminary cross-examination was denied. The privilege of cross-examination, where objection is interposed to the competency of the witness, is a matter of right. Bank v. Wirebach, 12 Wkly. Notes Cas. 150. Mr. Wharton, in a learned note to Trussell v. Scarlett, 18 Fed. 214, states the rule in these words:

"When the admissibility of either a witness or a document is in question, the party opposing the admissibility is entitled, as a preliminary test, to cross-examine on this specific issue the witnesses on whose testimony the admissibility depends. No document or witness—such is the fundamental principle—is self-proving. We must fall back, as a basis logically necessary in all cases, on parol proof, and this proof only is effective when exposed to the criticism of cross-examination."

And the illustration which he gives shows the principle upon which the ruling rests, clearly and satisfactorily. Maurice v. Worden, 54 Md. 233; Abb. Tr. Brief, p. 255, § 14. In criminal cases the rule is carried much further, both in this state and in Massachusetts; and the court is held bound, when the admissibility of a document or statement in evidence depends upon the testimony of a witness, not only to permit cross-examination, but to allow other witnesses to be called by the objector, and try the question of competency. People v. Fox, 121 N. Y. 449, 24 N. E. 923; Com. v. Culver, 126 Mass. 464. While the rule in criminal cases would seem to be absolute, it is evident that in civil cases it must be subject to some modification. While the right exists to a preliminary cross-examination in the cases indicated, the denial of such right may not in all cases be reversible error. If it appears subsequently that the objecting party had full right of cross-examination generally, and the evidence adduced established the competency of the witness to testify, or the document to admission, it could not be affirmed that prejudicial error was shown. In the present case, however, the defendant had the clear right to the preliminary cross-examination for which it asked; and, if it had been permitted, it is quite likely that the misapprehension under which the court labored, respecting the

effect of the answers of the witness, would have been removed, and the incompetency of the witness to testifv made the more clearly to appear, and probably resulting in the rejection of his testimony. It was therefore error to refuse it.

Andrew Miller, one of the plaintiff's experts, was called, and the following took place:

"Q. Would the presence of six or seven shanties in front of a piece of property affect the value of the lot opposite thereto? (Objected to.) The Court: That is excluded. There is no proof there are any shanties here. You call them 'shanties.' You may speak of them as 'low, frame houses.' To call them 'shanties' is a characterization of them."

This ruling was excepted to. The witness being examined was one of the plaintiff's experts, and it was competent to ask him if the buildings opposite the property would affect its value; and it was proper, in view of the defendant's theory and the proof in the case, to characterize some of the buildings opposite the property as "shanties." It was not an unfit designation, as described by the testimony of some of the witnesses, who called them shanties, and by the photograph of them introduced in evidence. The question was competent and pertinent, and called for an answer which bore directly upon the value of the property, and the surroundings, by which, to some extent, value and damage would be measured. The condition existing, the hypothesis was proper, and its exclusion was error. Dilleber v. Insurance Co., 87 N. Y. 79; Carter v. Tallcot, 36 Hun, 393.

We are also of opinion that but one bill of costs should have been allowed in this case. There was no necessity for bringing four actions, when one would have sufficed, in which all the plaintiffs could have joined. In effect, this is what happened, as there was but one trial and one record. The multiplication of unnecessary actions ought not to be aided by multiplication of costs. We are loath to reverse a judgment of this character for error in the admission of testimony or for rulings upon the trial, and have not done so in other cases of this class that have preceded it, where we could see that substantial justice had been effected, and have uniformly held, under such circumstances, that the erroneous rulings were harmless. But in this case the rulings may have, and quite likely did, prejudice the defendant.

The judgment should be reversed, and a new trial granted, with costs to abide the final award of costs. All concur, except BRADLEY, J., not voting.