MOREHEAD BANKING CO., v. I. N. WALKER, Admr., et al.

*Practice—Burden of Proof—Right to Open and Conclude Argument—Evidence—Transaction with Deceased Person—Order to Produce Note.*

1. A defendant in an action upon a note, who admits the execution of the instrument but alleges payment, has a right to assume the burden on the trial.

2. In the trial of an action on a note against the administrator of the deceased maker, the cashier of a plaintiff bank, the payee of the note, is a party in interest and disqualified under *Code* section 590, from testifying as to conversations with intestate of defendant

3. It is a matter of discretion of the trial Judge to allow a defendant, who has assumed the burden of proof, to open and conclude the argument.

4. Notice to an administrator, defendant in an action, is, in law, notice to his attorney; and where, in the trial of an action, the administrator in reply to a notice to produce a note alleged to have been paid, stated that his intestate had told him that he had given it to his attorney, (who was also the administrator's attorney); *Held*, that the statement of the administrator, in return to the notice, reasonably meant that the intestate had given the note to his attorney as bearing on the matter of the suit, that the latter kept it in his possession and had it at the trial, and it was error to refuse plaintiff's request for an order on the attorney to produce the note.

CIVIL ACTION tried before *Timberlake, J.,* and a jury at June (Special) Term, 1897, of Durham Superior Court. There was a verdict for the defendant and from the judgment thereon, plaintiff appealed.

*Messrs. Winston & Fuller,* for plaintiff (appellant).
*Messrs. Guthrie & Guthrie,* for defendant.

MONTGOMERY, J.: The defendants admitted the execution of the note, which recited a consideration, but averred payment, and asked to assume the burden on the trial. The Court held that this course was a proper one and the plaintiffs excepted. His Honor was right in refusing to sustain

the exception. *Stronach* v. *Bledsoe*, 85 N. C., 473; *Carrington* v. *Allen*, 87 N. C., 354. The plaintiffs offered as a witness the cashier of plaintiff bank, who was also a stockholder, to prove that in an alleged conversation between himself and Sellars, the intestate of the defendant, and the principal of the note, the intestate admitted that the note had not been paid. Upon the objection of the defendants the Court refused to receive the evidence and in doing so ruled correctly. *The Code*, Section 590. Certainly, if the witness had not been a bank officer he would have been disqualified under Section 590, and there is no reason why his official position should give him any advantage over an individual, his interest in the event of the suit being as clear and certain as such officer and stockholder, as if he were a private individual.

The plaintiff excepted to the ruling of the Court in allowing the defendant, as a matter of discretion, to open and conclude the argument in the case. His Honor properly refused to sustain the exception. Rule 6 of Practice in the Superior Courts of North Carolina, 119 N. C., 959; *Shober* v. *Wheeler*, 113 N. C., 370.

The defendants, as we have said, in their answer admitted the execution of the note, but averred that the same had been paid and satisfied at the time it fell due, or very soon thereafter, by the execution of a new note for the like amount by the intestate Sellars, with J. B. Jobe as surety, due six months after date, and that the plaintiffs received the substituted note in full satisfaction and payment of the first mentioned note—the one declared on in this action. The defendants also averred that at the time of the substitution of the note with Jobe as surety, for the other, the plaintiff agreed to deliver and surrender the first mentioned note, the one sued on, to the defendants, but that the cashier in looking for it could not find it, saying it was misplaced, but that he would find it and deliver it to Sellars, the intes-

tate of the defendant. Jobe was introduced as a witness for the defendants and testified that about *two months after* the execution of the note sued on, March 1, 1893, the note made by Sellars, the intestate, with himself as surety, was substituted for the note of Sellars with Walker as surety, the one which is the subject of this action. On his cross examination the witness said that he had also signed another note for Sellars on the 27th of August, 1892, for a like amount, and running for the same time as the one of March 1, 1893, and that he did not think that the note of August, 1892, was paid before maturity. He also said that the note of August, 1892, was taken up two months before the one sued on was given.

The plaintiff from this testimony, observing that the note of March 1, 1893, was the date of the maturity of the note of August 27, 1892, concluded that probably the note of August, 1892, would show on its face or upon its back that it was paid by renewal and with the note of March 1, 1893, and the *plaintiff*, at once served a notice on defendant administrator to produce the note of Sellars, the intestate, with Jobe as surety, dated August 27, 1892. The defendant administrator immediately answered the notice, saying that he did not have the note and had never seen it; that Sellars, his intestate, had told him that he had given it to his attorney, who was then engaged in the trial for the present defendant. The plaintiff then asked the Court to require the attorney to produce it. This motion was refused by the Court on the ground, First, that there was no evidence that the attorney had the note at the time of the trial, and second, that no notice had been given him to produce it. There was error in this ruling of his Honor. The notice to the administrator was, in law, notice to his attorney. 1 Greenleaf on Evidence, par. 560 and note; *Baldney* v. *Ritchie*, 1 Starkie, 338.

There was no point made that the order to produce the note was requested on a notice too short, for the administrator answered it at once, and it was conceded here by the defendant's attorney that the notice to his client was notice to him, if it was good as to his client.   The refusal then, of his Honor, rests upon his finding that there was no evidence that the attorney had the note at the time of the trial. Sellars, the intestate of the defendant, was living when this suit was commenced, and Walker's statement, in his return to the notice, reasonably meant that the intestate had given to his attorney in the action, who is the same employed in the defence at the trial, this note as bearing on the matter of the suit.   The inference is strong, therefore, that the attorney kept the note in his possession and that he had it at the trial.   If he had it, the plaintiff was entitled, under section 578 of *The Code,* to have it produced.   The order should have been made and the note produced, or the failure to produce it satisfactorily accounted for.   Of course, upon the return to the notice, the attorney could have shown that he never had had the note, and then the rule would have been discharged.

Error—new trial.