THE C. H. ALBERS COMMISSION COMPANY

*v.*

MARCUS SESSEL, EXR.

*Opinion filed December 18, 1901.*

1. WITNESSES—*stockholders in corporation cannot testify in behalf of corporation against executor.* Stockholders in a corporation are "interested" within the meaning of section 2 of the Evidence act, and are incompetent to testify in favor of a claim of the corporation against a deceased person where the adverse party defends as the personal representative of such deceased person.

2. TRIAL—*objection to depositions of incompetent witnesses may be made at the trial.* Objections to depositions by stockholders in a corporation in support of a claim of the corporation against a deceased person may be made at the trial by the personal representative of such person, upon the ground that the deponents are incompetent to testify under section 2 of the Evidence act, since the disqualification of such witnesses is absolute, and no advantage would be gained by urging the objection when the depositions were taken.

CARTWRIGHT, J., dissenting.

*C. H. Albers Commission Co.* v. *Sessel,* 87 Ill. App. 378, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macoupin county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

JOSEPH S. LAURIE, for appellant.

E. W. HAYES, and BELL & BURTON, for appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This litigation arose in the county court of Macoupin county on a claim filed by appellant against the appellee, as executor of Peter J. Hendgen, deceased. The claim was in the form of an account for moneys advanced and commissions earned in the purchase and sale of grain by plaintiff from and to third parties for the deceased during his lifetime, as his agent and under his directions, to the amount of $1743.03. The claim was allowed in the

county court, but on appeal to the circuit court by the executor it was disallowed and judgment given for the defendant for the costs of suit. That judgment having been affirmed by the Appellate Court for the Third District, the claimant prosecutes this appeal.

The appellee executor has filed cross-errors questioning the ruling of the circuit court in admitting certain depositions in evidence over his objection. The same cross-errors were assigned in the Appellate Court, but there overruled.

The only evidence offered in support of the claim in the circuit court was in depositions. C. H. Albers, president of the claimant company, a corporation organized under the laws of the State of Missouri, and a stockholder in that company, testified that he was personally acquainted with the deceased during his lifetime and had knowledge of the dealings by the company on his account; that the balance stated was due and unpaid; that he rendered an account to Hendgen, who admitted that it was just and correct, but claimed that he was unable to pay the same in full at once as he was without means and dependent entirely for a living upon his earnings as an insurance broker or agent, in which business he was engaged in the city of St. Louis, but agreed to pay what he could as he could, and proposed to the witness to deduct his commissions from insurance on grain placed by him for the company and let the same be credited upon said indebtedness from time to time; that this proposition was accepted, and thenceforth, from time to time, up to the date of the last credit, January 8, 1894, Hendgen made such payments out of his commissions and the same were credited on the indebtedness. He also testified that he took the deceased at his word when he stated he had no means, and knew nothing to the contrary until after his death, when he learned he had left an estate in Illinois. The book-keeper of the claimant company, also a stockholder in the company, in his de-

position testified to substantially the same facts and to conversations or statements made by the deceased during his lifetime; also the deposition of a salesman of the corporation, William P. Hazard, likewise a stockholder in the company. These depositions were taken in the city of St. Louis some time prior to the hearing upon the claim in the county court, counsel for the executor being then present but making no objection to the competency of the testimony. Upon the trial in the circuit court, upon the offer of the claimant to introduce those depositions, appellee objected upon the ground that each of said witnesses was incompetent to testify in the cause because each was a stockholder of the claimant corporation and defendant was executor of the last will of the deceased, Hendgen, but the court overruled the objection and permitted the depositions to be read to the jury.

Section 2 of chapter 51, entitled "Evidence and Depositions," (2 Starr & Cur. 1896, p. 1824,) provides: "No party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein of his own motion, or in his own behalf, by virtue of the foregoing section, [being section 1,] when any adverse party sues or defends as the trustee or conservator of any idiot, * * * or as the executor, administrator, heir, legatee or devisee of any deceased person, * * * unless when called as a witness by such adverse party so suing or defending."

We have held that stockholders in a corporation are interested within the meaning of this section of the statute, and are incompetent to testify against the representatives of a deceased party in their own behalf. (*Thrasher* v. *Pike County Railroad Co.* 25 Ill. 393; *Consolidated Ice Machine Co.* v. *Keifer*, 134 id. 481.) In fact, it is conceded by the parties that neither of the above named witnesses was competent to testify in this case, and that the admission of their testimony would have been reversible error but for the fact, as is claimed, that the objection

was waived by a failure to urge it upon the taking of the depositions, and in support of this contention *Moshier* v. *Knox College,* 32 Ill. 155, *Frink* v. *McClung,* 4 Gilm. 569, *Kelsey* v. *Snyder,* 118 Ill. 544, *Cassing* v. *Mortimer,* 80 id. 602, and *Cooke* v. *Orne,* 37 id. 186, are relied upon. It will be found, however, upon an examination of these cases, that the last two are not in point, and that in the first two the question arose between living parties as to a common law incompetency of the witnesses, which could have been removed by other evidence, or by the act of the witness releasing his interest. *Kelsey* v. *Snyder* was a bill against the administrator of an estate and the heirs of the intestate to declare and enforce a resulting trust in the deceased, and it was there held that the complainant was not competent to testify in her own behalf as to transactions and conversations with the deceased in his lifetime. We there said (p. 549): "The adverse parties defend as administrator and heir-at-law of Ira F. Benson, deceased, and it is not denied that the evidence objected to falls within the second section of the statute in relation to evidence and depositions, (Rev. Stat. 1874, p. 488,) and would have been inadmissible if the objection had been interposed in apt time, but counsel contends that the objection should have been taken at the time of the taking of the depositions and that it was too late to urge it for the first time on the trial in the circuit court, and in support of this he cites *Frink* v. *McClung,* 4 Gilm. 569, *Goodrich* v. *Hanson,* 33 Ill. 498, and *Warren* v. *Warren,* 105 id. 568. The objection to a witness on account of interest might at common law be obviated upon the trial by the execution of an instrument having the effect to release that interest, and hence it was required, as held in the cases cited, that an objection on account of interest should be made at the earliest opportunity, so that the party calling the witness might have time, if possible, to obviate the objection by release or otherwise. In *Warren* v. *Warren* no objection was taken on the hearing; but

this rule did not apply as to objections that were incurable, as, for instance, that the evidence was irrelevant. (*Lockwood* v. *Mills*, 39 Ill. 602.) And the philosophy of the rule is stated in *Clauser* v. *Stone*, 29 Ill. 114. It is not possible that appellant could, by any act of the court or of herself, have been rendered competent to testify as to the matters to which the present objection goes. She is no worse off, the objection having been urged upon the trial, than she would have been had it been urged at the time of taking the deposition. She is absolutely disqualified to testify as to those matters." In *Clauser* v. *Stone, supra,* it was said: "The general rule is, unquestionably, as stated by the appellee's counsel, that objections on the trial to a paper or other evidence must be specially pointed out, so that they may be obviated, if possible; but this rule applies only to cases where the objection can be removed by evidence, or by the act of the party under the sanction of the court, or by the action of the court itself,"—citing *Jackson* v. *VanShaick*, 5 Cow. 123, and *Harmon* v. *Thornton*, 2 Scam. 355.

Section 7 of the chapter on Evidence and Depositions expressly provides: "In any civil action, suit or proceeding, no person who would, if a party thereto, be incompetent to testify therein under the provisions of section 2 or section 3, shall become competent by reason of any assignment or release of his claim made for the purpose of allowing such person to testify." Manifestly, under the provisions of this section, as said in *Kelsey* v. *Snyder, supra,* these witnesses were absolutely disqualified to testify to the facts sworn to by them, and the objection to their depositions was in apt time at the trial of the case. Not only is the rule that in such a case an objection to the competency of witnesses may be made upon the trial supported by the rule announced in *Clauser* v. *Stone* and *Kelsey* v. *Snyder, supra,* but by the plainest principles of justice. The administrator merely defends in his fiduciary capacity. His testator being dead, his

version of the transaction and conversations between himself and these witnesses cannot be obtained, and if this claim can be properly allowed upon their evidence the estate must be held liable upon testimony which it was wholly beyond the power of the executor to explain or contradict. The object of sections 2 and 7 of the statute was to place parties litigant upon an equal footing, as we have frequently held. No hardship would have resulted to the claimant if the objection had been sustained,—first, because the incompetency of the witness was absolute and could not have been removed; and second, if it could be said to have been taken by surprise in not having an opportunity to procure other competent evidence of its claim, it could have asked, and upon a proper showing obtained, a continuance of the case to enable it to produce, upon the final hearing, other competent testimony.

The trial court erred in holding that the objection came too late, and the Appellate Court erred in refusing to sustain the cross-errors. The substance of the errors assigned by the appellant is, that the judgment below is contrary to the weight of the evidence, and that the court erred in giving and refusing instructions. Having erroneously admitted the depositions of interested parties in support of the appellant's claim, and it having offered no other evidence to establish the same, none of these errors can be sustained. So far from the verdict and judgment of the trial court being unsupported by the testimony, there is no competent evidence in the record to the contrary. Nor could the giving or refusing of instructions to the jury, even though the court erred in its rulings in that regard, have worked any injury to the appellant, in the absence of evidence to prove its claim.

The judgment of the Appellate Court will accordingly be affirmed.

*Judgment affirmed.*

Mr. JUSTICE CARTWRIGHT, dissenting.